<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONYX INSURANCE COMPANY, INC., A Risk Retention Group,<br><br>              Plaintiff,<br><br>          v.<br><br>NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE (DOBI), et al.,<br><br>            Defendants. | Civil Action No. 15-3469 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants New Jersey Property and Liability Insurance Guaranty Association ("NJPLIGA"), and Acting Commissioner Richard J. Badolato and the New Jersey Department of Banking and Insurance's ("DOBI") (collectively, "Defendants") motions to dismiss Plaintiff Onyx Insurance Company, Inc.'s ("Plaintiff" or "Onyx") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 12, 13.) Plaintiff filed opposition (ECF No. 15), and NJPLIGA replied (ECF No. 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions are granted.

## I. Background

This declaratory judgment action arises from the NJPLIGA and DOBI's exclusion of Onyx, a risk retention group ("RRG") created under federal law, from participating in New Jersey's Unsatisfied Claim and Judgment Fund ("UCJF"), a fund that was established to pay damages to

victims of hit and run accidents or accidents involving an uninsured motorist. N.J.S.A. 39:6-86.7. Onyx provides liability insurance for taxis registered and garaged in New Jersey. (Compl. ¶ 8, ECF No. 1.) Under New Jersey law, every motor vehicle liability insurance policy issued in the State of New Jersey that insures against, *inter alia*, loss resulting from injury sustained by any person arising out of the operation of a motor vehicle "shall provide personal injury protection coverage benefits . . . to pedestrians who sustain bodily injury in the State caused by the named insured's motor vehicle."[1] N.J.S.A. 17:28-1.3.

### A.    Coverage of Pedestrian PIP Claims

In 2003, the State Legislature authorized the NJPLIGA to assess its members for the cost of paying for uninsured or "stranger" pedestrian PIP claims from the UCJF, thereby creating a risk-sharing mechanism to cover stranger pedestrian PIP claims from the annual assessments levied on all members of the NJPLIGA. The Legislature "[s]imultaneously . . . removed the requirement that New Jersey private passenger automobile insurance policies" cover stranger pedestrian PIP claims. (NJPLIGA Moving Br. 5 (citing N.J.S.A. 39:6A-4), ECF No. 12.) The Legislature also transferred the administrative responsibility for the UCJF to the NJPLIGA. (NJPLIGA Moving Br. 5 (citing N.J.S.A. 17:30A-6.1).)

In 2004, the director of the DOBI, Donald Bryan ("Mr. Bryan"), issued correspondence directing the NJPLIGA, as the administrator of the UCJF, to include commercial carriers in the UCJF risk-sharing mechanism. (Aff. of Lori A. Connors ("Connors Aff."), Exs. B, C ("2004 Correspondence"), ECF No. 12-2.) In 2006, however, Mr. Bryan issued correspondence to all RRGs writing commercial automobile insurance in New Jersey, including Onyx, which stated that "[s]ome RRG[s] may have erroneously been informed that they are not required to provide

---

[1] There are some exceptions to this provision, but they are not applicable to this matter.

[pedestrian PIP] . . . and that this coverage would be provided by [the NJPLIGA] . . . . Pursuant to Federal law, RRG[s] are not members of [the NJPLIGA] and therefore [the NJPLIGA] would not provide [p]edestrian PIP coverage to the insured of RRG[s]." (Connors Aff., Ex. D ("RRG Letter") 2, ECF No. 12-2.)

### B.    Plaintiff's Request for Declaratory Relief

In 2014, Onyx began writing automobile insurance policies for taxis that are registered and principally garaged in the State of New Jersey.  (NJPLIGA's Moving Br. 6.)  On February 18, 2015, representatives from Onyx met with representatives of the DOBI and NJPLIGA to discuss Onyx's desire to be included in the pedestrian PIP risk-sharing mechanism.  "During this meeting and in subsequent written correspondence exchanged among the parties, Onyx was informed that state law only permitted NJPLIGA, on behalf of the UCJF, to assess 'member insurers' (which Onyx is not), and Federal law (LRRA[2]) specifically prohibits RRGs such as Onyx from being members of either NJPLIGA or the UCJF (administered by NJPLIGA)."  (*Id.* at 8.)  "On May 20, 2015, Onyx filed its Complaint naming NJPLIGA as a defendant 'for discovery purposes only,' seeking a declaratory judgment from this Court, ordering the DOBI" to direct the NJPLIGA to permit Onyx to participate in the risk-sharing fund for all claims arising from pedestrian PIP benefits and to reimburse Onyx for all paid claims for pedestrian PIP coverage.  (Compl. ¶¶ 8, 16(c) – (h).)

### C.    DOBI Order A15-106

On June 30, 2015, the DOBI issued Order A15-106 (the "June 30, 2015 Order"), which rescinded Mr. Bryan's 2004 Correspondence and mandated that commercial automobile insurers

---

[2] Liability Risk Retention Action ("LRRA"), 15 U.S.C. § 3902(a)(2).

include in their policy forms coverage for stranger pedestrian PIP benefits.[3] (Connors Aff., Ex. E ("DOBI Order No. A15-105"), ECF No. 12-2.) The June 30, 2015 Order directs commercial automobile insurance carriers to transition back to offering pedestrian PIP benefits in their policies and paying for their commercial insureds' pedestrian PIP claims. (*Id*. at 3-4.) Pursuant to the June 30, 2015 Order, commercial automobile insurance policies issued after April 1, 2016, must include pedestrian PIP benefits, and the full transition away from risk-sharing must be complete by March 31, 2017. (*Id*.)

## II.   **Standard of Review**

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must "determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint must contain sufficient facts to "put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."

---

[3] The June 30, 2015 Order did not rescind the RRG Letter, which stated that RRGs must provide pedestrian PIP benefits.

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In deciding a 12(b)(6) motion, the Court may consider matters outside the pleadings without converting the motion to a summary judgment motion. A court, however, may only "consider certain narrowly defined types of material without converting." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). That is, a "document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This includes any "exhibits attached to the complaint and matters of public record," as well as any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.  **Analysis**

In its Complaint, Plaintiff alleges that the NJPLIGA's exclusion of RRGs from participating in the UCJF conflicts with the provision in the LRRA that authorizes RRGs to "participate, on a nondiscriminatory basis, in any mechanism established or authorized under the law of the State for the equitable apportionment among insurers of liability insurance losses and expenses incurred on policies written through such mechanism." (Compl. ¶ 1 (citing 15 U.S.C. § 3902 (a)(1)(C).) Furthermore, pursuant to the Supremacy Clause of the Constitution, Plaintiff argues that the LRRA preempts New Jersey law to the extent that there is a conflict. (Pl.'s Opp'n Br. 8, ECF No. 15.)

In its motion to dismiss, NJPLIGA argues, however, that "[t]he LRRA specifically prohibits state governments from making any law or regulation which 'requires or permits' an

RRG 'to participate in any insurance insolvency guaranty association in which an insurer licensed in the State is required to belong.'"  (NJPLIGA Moving Br. 15 (citing 15 U.S.C. § 3902(a)(2)), ECF No. 12-1.)  Thus, noting that participation in the UCJF is limited to NJPLIGA's members, Defendants argue that the LRRA, like New Jersey law, prohibits RRGs from participating in the UCJF.  (*Id.*)  Furthermore, NJPLIGA notes that since both state and federal law prohibit NJPLIGA from collecting an assessment from RRGs, the "NJPLIGA cannot permit RRGs['] policyholders to benefit from the commercial pedestrian PIP risk-sharing mechanism without truly disadvantaging New Jersey authorized and admitted automobile insurance carriers."  (*Id.* at 25.)  In its opposition brief, Plaintiff argues that Defendants' reliance on the provision of the LRRA, which excludes RRGs from participating in any insolvency guaranty benefits, is misplaced because the UCJF risk-sharing mechanism is not an insolvency fund.  (Pl.'s Opp'n Br. 11-12.)  The Court disagrees with Plaintiff.

The Appellate Division addressed the issue of "whether New Jersey violates the LRRA by . . . precluding [RRGs] from participating in the [NJPLIGA] . . . which pays pedestrian-PIP benefits for commercial liability insurers who are members."  *Am. Int'l Ins. Co. of Del. v. 4M Enterprise, Inc.*, 431 N.J. Super. 514, 516 (App. Div. 2013).  In *4M Interprise*, the Appellate Division held that New Jersey's exclusion of RRGs from participating in the pedestrian PIP claims risk-sharing fund does not violate the LRRA.  *Id.*; *see also 21st Century Ins. v. N.J. Prop.-Liab. Ins. Guar. Assoc.*, No. L-3651-12, 2014 WL 1909362, at *2 (N.J. Super. Ct. App. Div. May 14, 2014) ("[W]e rejected the claim that New Jersey discriminates against [RRGs] by barring participation in [NJPLIGA's] program for payment of pedestrian-PIP benefits.") (citing *4M Interprise*, 431 N.J. Super. at 526).  Furthermore, the Appellate Division declared that "[a]n entitlement to . . . participation [in the pedestrian PIP claims risk-sharing fund] is not supported by any provision of

the LRRA and is undermined by the Act's legislative history." *4M Interprise*, 431 N.J. Super. at 525.

Rather than distinguish the facts of this case from *4M Interprise*, Plaintiff argues that the analysis in *4M Interprise* is "fatally flawed because the [c]ourt incorrectly analyzed the issue of pedestrian PIP insurance and the interplay of the LR[R]A by characterizing pedestrian PIP insurance as 'liability insurance,' which, the [c]ourt ruled precluded the operation of the LR[R]A." (Pl.'s Opp'n Br. 13.) The Court disagrees. In *4M Interprise*, the Appellate Division held that the RRG could not meet "the burden of showing discrimination in violation of the LRRA" because, as explained in the RRG Letter[4], the LRRA itself prohibits the NJPLIGA from collecting an assessment from the RRG, which is required for participating in the risk-sharing fund. *4M Interprise*, 431 N.J. Super. at 524-26. The Court does not find any flaw in this analysis, and accordingly, pursuant to *4M Interprise*, the Court finds that the Complaint fails to state a claim for relief.[5]

---

[4] The Court may consider the RRG Letter without converting the motion to a summary judgment motion, because the RRG letter is relied upon in the Complaint (*see* Compl. ¶ 13) and is an "undisputedly authentic document" that NJPLIGA attached as an exhibit to its motion to dismiss (*see* Connors Aff., Ex. D, ECF No. 12-2.) *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

[5] Having found that the Complaint fails to state a claim for relief as to all Defendants, the Court does not need to decide whether the requests for prospective relief are moot or whether the Complaint fails to state a claim for relief against NJPLIGA because it is included "for discovery purposes only at this time."

**IV.**     **Conclusion**

For the reasons set forth above, Defendants' motions to dismiss are granted.

s/Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

**Dated:** March <u>30</u>, 2016