**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ONYX INSURANCE COMPANY, INC.,
A Risk Retention Group,

        Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
BANKING AND INSURANCE (DOBI),
et al.,

        Defendants.

Civil Action No. 15-3469 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Onyx Insurance Company, Inc.'s ("Plaintiff") Motion for Reconsideration pursuant to Local Civil Rule 7.1(i). (ECF No. 19.) Defendants New Jersey Property-Liability Insurance Guaranty Association ("NJPLIGA"), New Jersey Department of Banking and Insurance ("DOBI"), and the Commissioner of DOBI opposed the motion. (ECF Nos. 23, 24.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED**.

**I.     Background & Procedural History**[1]

Plaintiff is a risk retention group ("RRG"), created under federal law, that seeks to participate in New Jersey's Unsatisfied Claim and Judgment Fund (the "UCJF"). (Mem. Op. 1-4,

---

[1] The Court assumes familiarity with the facts, which are found in the Court's March 30, 2016 Memorandum Opinion. (Mem. Op. 1-2, ECF No. 17.) The Court includes only the relevant facts to decide the instant motion.

ECF No. 17.) The UCJF, a fund established to pay damages of victims injured in hit and run accidents or accidents involving uninsured motorists, has been administered by NJPLIGA since 2003. (*Id.* at 1-2.) The DOBI regulates NJPLIGA's activities relating the UCJF's administration. (*Id.* at 2.)

In its March 30, 2016 Opinion, the Court considered Defendants' Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 1.) The Court determined that the DOBI Order issued on June 30, 2015 (the "DOBI Order") was "a document integral to . . . the complaint" and an "undisputedly authentic document . . . attache[d] as an exhibit to the motion[s] to dismiss," which was the basis for Plaintiff's claim. (*Id.* at 5 (citations omitted).) The Court noted that,

> Plaintiff allege[d] that the NJPLIGA's exclusion of RRGs from participating in the UCJF conflicts with the provisions in the [Federal Liability Risk Retention Act of 1986 ("LRRA")] that authorizes RRGs to "participate, on a nondiscriminatory basis, in any mechanism established or authorized under the law of the State for the equitable apportionment among insurers of liability insurance losses and expenses incurred on policies written through such mechanism."

(*Id.* (quoting Compl. ¶ 1, ECF No. 1).) The Court adopted persuasive New Jersey case law and held that the State did not violate the LRRA by prohibiting Plaintiff from participating in a risk sharing mechanism. (*Id.* at 6-7.) Plaintiff now moves for reconsideration. (Pl.'s Recons. Br. 1-3, ECF No. 19-1.)

## II. **Legal Standard**

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i) (governing

motions for reconsideration). In order to succeed on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the [C]ourt granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the [C]ourt but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

## III. Discussion

In support of its motion, Plaintiff argues that the Court failed to adhere to controlling federal law that preempts the relevant New Jersey law. (Pl.'s Recons. Br. 3-9.) Plaintiff argues that the LRRA, specifically 15 U.S.C. § 3902(a)(1)(C), requires New Jersey to allow Plaintiff to participate in a risk sharing mechanism, and that the DOBI's refusal to allow Plaintiff the opportunity to participate in a risk sharing mechanism discriminates against Plaintiff, thus violating 15 U.S.C. § 3902(a)(4). (*Id.* at 9.)

Plaintiff fails to raise any new arguments to warrant the extraordinary remedy of reconsideration. *See Max's Seafood Cafe*, 176 F.3d at 677. In its Opinion, the Court found New Jersey case law persuasive and concluded that the State's exclusion of Plaintiff from participating in a risk sharing mechanism did not violate the LRRA, and that New Jersey is not required to

3

provide Plaintiff the opportunity to participate in a risk sharing fund. (Mem. Op. 6-7 (citing *Am. Int'l Ins. Co. of Del. v. 4M Interprise, Inc.*, 431 N.J. Super. 514, 523 (App. Div.), *certif. denied*, 216 N.J. 366 (2013) (holding that New Jersey's prohibition of a RRG from participating in a risk sharing mechanism does not discriminate against the RRG in violation of the LRRA)).) In *4M Interprise, Inc.*, the Appellate Division held that a RRG's participation in the risk sharing mechanism provided by New Jersey would violate the LRRA because it would be considered direct or indirect participation in an insurance insolvency guaranty association. 431 N.J. Super. at 525 (citing N.J.S.A. 17:47A-9 to note that "in conformity with LRRA's prohibition, New Jersey makes a risk retention group ineligible to 'become a member of, contribute to, or derive a benefit from [NJPLICA].") There, the court described the prohibition on a RRG's participation in the risk sharing mechanism as best viewed "'as part of the trade-off' – in exchange 'for limited State regulation[,] risk retention groups were on their own if they became insolvent.'" *Id.* at 526 (alteration in original) (internal quotation marks omitted) (quoting *Aftab v. N.J. Prop.-Liab. Ins. Guar. Ass'n*, 386 N.J. Super. 41, 50 (App. Div. 2006)).

Pursuant to 15 U.S.C. § 3902(a)(1)(C), a state is permitted to "allow a [RRG] 'to participate, on a nondiscriminatory basis, in any mechanism established or authorized under' state law to equitably apportion 'liability insurance losses and expenses incurred on policies written through such mechanism.'" *4M Interprise, Inc.*, 431 N.J. Super. at 527. Plaintiff argues that the statute's permissive language mandates that the State allow Plaintiff's participation in the risk sharing mechanism. Plaintiff's interpretation of the statute is misguided. "Section 3902(a)(1)(C) neither compels a state to permit such participation nor suggests that a state discriminates by foreclosing a [RRG's] participation." *Id.* The statute provides exemptions to RRGs from being

4

bound by certain types of state laws, rules, regulations, or orders. *See* 15 U.S.C. § 3902(a)(1)-(4). The statute also provides exceptions to those exemptions and states, in pertinent part:

> Except as provided in this section, a [RRG] is *exempt* from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would . . . make unlawful, or regulate, directly or indirectly, the operation of a [RRG] *except* that . . . ***any State may*** require such a [RRG] to . . . participate, on a nondiscriminatory basis, in any [risk sharing mechanism authorized by the State].

15 U.S.C. § 3902(a)(1)(C) (emphasis added).

The statute's scope of permissive state authority provides New Jersey with the ability to retain its powers to regulate RRGs but with some limitations. States, therefore, have discretion in exercising such authority. Thus, New Jersey's failure to permit Plaintiff's participation in a risk sharing mechanism, a permissible act under 15 U.S.C. § 3902(a)(1)(C), is not discriminatory under the statute.

Finally, Plaintiff argues that the Court erred in granting Defendants' motions without the benefit of any discovery. (Pl.'s Recons. Br. 10-12.) Plaintiff contends that "[t]he Court failed to recognize the importance of the June 30, 2015 Order as an admission that DOBI's practices, beginning in 2006, were a violation of the LR[R]A and inherently discriminatory." (*Id.* at 10.) The Court, however, considered the DOBI Order's value at the motion to dismiss stage, and declines to "rethink what it has already thought through." *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

## IV. Conclusion

Accordingly, Plaintiff has failed to meet its burden for reconsideration of the Court's March 30, 2016 Opinion, and Plaintiff's Motion for Reconsideration is **DENIED**. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2016